■ CHARLES GROWICK, an Infant, by ARNOLD GROWICK, His Parent, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF ALBANY et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered June 9, 1971 in Albany County, which granted respondents' motion for a protective order pursuant to CPLR 3103. This action for personal injuries sustained by the infant appellant arose out of an incident which allegedly occurred at the Albany High School when a fellow student assaulted the infant appellant, fracturing his jaw. It is predicated on the theory that respondents had knowledge that the fellow student was a person of violent, explosive and unstable character who had previously been confined in juvenile institutions for similar attacks. On April 16, 1971 appellants served notice to take a deposition upon oral examination of the principal of the Albany High School. It is requested that " All the books and records including the school records [of the fellow student] possessed by the Albany High School and the Board of Education of the City of Albany, New York " be produced. Respondents then served a notice of motion for a protective order vacating from the notice to take deposition the above-quoted provision. Special Term granted the motion on the ground that appellants had not established sufficient basis for production of the confidential records sought. CPLR 3101 provides that " There shall be full disclosure of all evidence material and necessary in the prosecution * * * of an action ", and there can be little doubt that the information sought by appellants is such evidence. However, to prevent abuse of this liberal disclosure procedure, CPLR 3103 (subd. [a]) permits the court to make, on its own initiative or on motion of any party or witness, a protective order denying, limiting, conditioning or regulating the use of any disclosure device. While we agree with Special Term that the records sought are confidential in nature, in this case the right to confidentiality must give way to the rights of appellants. Since notice or knowledge must be proved in order to establish a valid cause of action, discovery of the information sought cannot be denied. However, because of the confidentiality of these records and the desire to protect the infant student involved, discovery should be limited (see CPLR 3103, subd. [a]). Order modified, on the law and the facts, so as to direct respondents

to produce for use upon the examination before trial records of the alleged assailant's assaultive tendencies prior to the alleged assault and, as so modified, affirmed, without costs, and without prejudice to an application at any time during the examination for an order pursuant to CPLR 3104 (subd. [a]), if respondent be so advised. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.